**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:01-194-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Betty Anne Osborne, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 24, 2006, the defendant filed a *pro se* motion to amend her sentence. The defendant requests that the Court sentence her based on the principles set forth by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). The defendant claims that the Court has authority to do so under Rule 36 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651.

However, the Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." United States v. Booker, 543 U.S. at 225. Subsequent to the Supreme Court's Booker decision, the Fourth Circuit Court of Appeals held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th cir. 2005).

The defendant's judgment became final 90 days after the Fourth Circuit Court of Appeals affirmed her guilty plea and sentence on October 20, 2003. As a result, the defendant's conviction became final in 2004, well before the Supreme Court issued Booker. Consequently, the Court denies the motion.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 20, 2006
Charleston, South Carolina